OSCN Found Document:BRAY v. PECOFACET HOUSTON, LLC

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 BRAY v. PECOFACET HOUSTON, LLC
2017 OK CIV APP 30
Case Number: 115209
Decided: 04/27/2017
Mandate Issued: 05/24/2017
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2017 OK CIV APP 30, __ P.3d __

 

EDWARD E. BRAY, Petitioner,
v.
PECOFACET HOUSTON, LLC, TRAVELERS INDEMNITY CO. OF AMERICA and THE WORKERS' COMPENSATION COMMISSION, Respondents.



PROCEEDING TO REVIEW AN ORDER OF A THREE-COMMISSIONER
PANEL OF THE WORKERS' COMPENSATION COMMISSION

HONORABLE TARA A. INHOFE, ADMINISTRATIVE LAW JUDGE



SUSTAINED



Bob Burke, Oklahoma City, Oklahoma and Michael R. Green, Tulsa, Oklahoma, for Petitioner
Linda Foreman, Jill R. Fidelie, ADELSON, TESTAN, BRUNDO, NOVELL & JIMENEZ, Oklahoma City, Oklahoma, for Respondents
Mike Hunter, ATTORNEY GENERAL, Oklahoma City, Oklahoma, for Respondents




KEITH RAPP, JUDGE:


¶1 Edward E. Bray (Claimant), appeals an Order of the Oklahoma Workers' Compensation Commission (WCC) ruling that the Employer, Pecofacet Houston, LLC, and its insurer, have the right to select the treating physician for Claimant's work-related injury.

BACKGROUND

¶2 This appeal calls for the interpretation of 85A O.S. Supp. 2015, § 50(A) and (B), in light of the facts of Record.[1]

¶3 On September 10, 2015, Claimant was injured at work. On October 15, 2015, Claimant filed his formal notice of claim alleging injury to the left shoulder and neck.[2] On November 24, 2015, Employer admitted the shoulder injury, but denied the neck injury.[3]

¶4 When the injury occurred, Employer provided prompt medical attention and at Physician's Clinic. The physician reported the shoulder treatment as of October 2, 2015.[4] The Record shows that, on October 6, 2015, Claimant complained about his neck to the physician treating his shoulder.[5] On November 6, 2015, the physician at the clinic recommended that Claimant be referred to a spine specialist.[6] An x-ray examination on November 6, 2015, did not disclose any injury.[7] On November 23, 2015, after referral by Physician's Clinic, an MRI was performed. The reported findings were "no disc herniation or significant stenosis" and "non-specific sclerotic lesion in C4."[8] Employer relies on this report for its positions that Claimant did not sustain a work-related injury to his neck and as justification for not providing medical treatment for a neck injury. Employer continued to deny that a neck work-related injury occurred through trial and appeal.

¶5 On December 18, 2015, WCC authorized a change of physicians for Claimant's shoulder treatment. After examination on January 7, 2016, this new physician issued a report. The report recited that Claimant complained of "significant pain" in his neck. The physician noted that prior tests did not show neck injury, but nevertheless, he recommended then, and again by report of February 8, 2016, that Claimant be seen by a spine specialist or a neurologist for an opinion regarding the neck complaints.[9]

¶6 On February 10, 2016, nerve conduction studies and an electromyography were performed. These tests disclosed cervical radiculopathy and ulna neuropathy related to the injury at work. It appears that Claimant paid for this test.[10]

¶7 The WCC affirmed the ruling by the Administrative Law Judge (ALJ) that Claimant sustained a work-related neck injury. Neither party appealed this determination.

¶8 The ALJ also ruled that Employer had not provided medical care for the neck injury within five days as required by statute. The ALJ ordered that Claimant could choose his physician. The WCC reversed this part of the ALJ's decision and ruled that Employer retained the right to choose the physician. Claimant appealed.

STANDARD OF REVIEW

¶9 The Administrative Workers' Compensation Act enumerates the reasons for modification, reversal, setting aside a WCC decision. The Act provides:

The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:

1. In violation of constitutional provisions;
2. In excess of the statutory authority or jurisdiction of the Commission;
3. Made on unlawful procedure;
4. Affected by other error of law;
5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;
6. Arbitrary or capricious;
7. Procured by fraud; or
8. Missing findings of fact on issues essential to the decision.

85A O.S. Supp. 2015, § 78 (C).

¶10 Here, the issue for review involves the interpretation of 85A O.S. Supp. 2015, § 50(A) and (B). Matters involving legislative intent present questions of law which are examined independently and without deference to the trial court's ruling. Heffron v. District Court of Oklahoma County, 2003 OK 75, ¶ 15, 77 P.3d 1069, 1076. The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. Neil Acquisition, L.L.C. v. Wingrod Investment Corp., 1996 OK 125, 932 P.2d 1100 n.1.

ANALYSIS AND REVIEW

¶11 In order for an injured worker to be able to choose the physician the following must occur: (1) The employer must have "actual knowledge" of an injury; (2) The date on which employer has received "actual knowledge" must be established; and, (3) The "actual knowledge" date triggers a five day period for employer to provide medical treatment. Then, if "the employer fails or neglects to provide medical treatment within five (5) days after actual knowledge is received of an injury, the injured employee may select a physician to provide medical treatment at the expense of the employer." 85 O.S. Supp. 2015, § 50(B).

¶12 The statute provides for "actual knowledge" and this is not the same as "constructive knowledge." First State Bank in Talihina v. United Dollar Stores, 1977 OK 208, 571 P.2d 444. "Notice is either actual or constructive." 25 O.S.2011, § 10. "Actual notice consists in express information of a fact." 25 O.S.2011, § 11.[11] "Constructive notice is notice imputed by the law to a person not having actual notice." 25 O.S.2011, § 12.

¶13 The facts of this case show that prior to the EMG on February 10, 2016, there was no "express information" of the fact of a neck injury. The MRI did not expressly disclose a neck injury. Claimant had filed a formal claim, but a claim is not actual notice of an injury. During the ensuing months, the involved physicians expressed concern and called for a specialist review, but they did not expressly find a neck injury. The Record does not show that Employer had "actual notice" of a neck injury from the date of injury to February 10, 2016. Thus, the five-day time period did not begin during this period.

¶14 Although the EMG by Dr. Goldman on February 10, 2016, disclosed neck problems, the Record does not show that the EMG was provided to Employer prior to trial and Employer continued to contest whether Claimant had sustained a neck injury. It cannot be concluded that Employer received "actual notice" of a neck injury on the basis of the EMG. Moreover, according to the Record, Claimant saw Dr. Goldman on his own. See note 9. Therefore, Claimant has failed to establish the first element (actual knowledge) in order to permit him to choose his own physician.

¶15 The Commission's Order adds a sixth element for proof. The Commission would require a claimant to select a physician and incur medical expenses. Order Modifying Decision of Administrative Law Judge, ¶ 18. There, the Commission concluded that:

However, Claimant did not select a physician to provide treatment and there is no evidence that unauthorized medical expenses were incurred. (Emphasis added.)

¶16 This Court finds that it is unnecessary to address whether: (1) Claimant is required to select a physician and incur medical expenses because the element of "actual notice" has not been established; and, (2) Claimant's EMG examination and his payment for that service would satisfy such requirement. [12]

¶17 Therefore, this Court holds that the Order of the WCC is not affected by error of or clearly erroneous in view of the reliable, material, probative and substantial competent evidence. The Order determining that Employer has the right to choose the physician to treat Claimant's neck injury is sustained.

¶18 SUSTAINED.


FISCHER, P.J., and GOODMAN, J., concur.



FOOTNOTES


[1] Section 50(A) and (B) provide:

A. The employer shall promptly provide an injured employee with medical, surgical, hospital, optometric, podiatric, and nursing services, along with any medicine, crutches, ambulatory devices, artificial limbs, eyeglasses, contact lenses, hearing aids, and other apparatus as may be reasonably necessary in connection with the injury received by the employee. The employer shall have the right to choose the treating physician.

B. If the employer fails or neglects to provide medical treatment within five (5) days after actual knowledge is received of an injury, the injured employee may select a physician to provide medical treatment at the expense of the employer; provided, however, that the injured employee, or another in the employee's behalf, may obtain emergency treatment at the expense of the employer where such emergency treatment is not provided by the employer.



[2] Record, p. 3.



[3] Record, p. 9.



[4] Claimant's Ex. 5.



[5] Record, p. 47.



[6] Record, p. 52.



[7] Record, p. 60.



[8] Record, p. 59.



[9] Trial Tr. 2/25/16, p. 29. Comments by Employer's counsel show that Claimant had been seeing Dr. Lange. Dr. Lange was taken off the case and Dr. Jabbour was substituted. However, Dr. Lange referred Claimant to Dr. Goldman for the EMG. The trial judge then stated that "apparently claimant has the wherewithal to see him (Dr. Goldman) on his own and he saw him."



[10] Trial Tr. 2/25/16, p. 29.



[11] Actual notice may be inferred or implied from facts. Leche v. Ponca City Production Credit Ass'n, 1970 OK 227, 478 P.2d 347. Thus, "actual notice" as defined in Creek Land & Improvement Co. v. Davis, 1911 OK 85, ¶ 7, 115 P. 468,470, is proven by inferring from the facts that a party has express information of a fact.

The words "actual notice" do not always mean in law what in metaphysical strictness they import. They more often mean knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts.



[12] The right to choose afforded to an employer is intended as a cost savings mechanism. Thus, an employer's right to choose would be meaningless if the employer had to provide medical care on the basis of a claim of injury.









 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1970 OK 227, 478 P.2d 347, LECHE v. PONCA CITY PRODUCTION CREDIT ASSOCIATION
Discussed
 2003 OK 75, 77 P.3d 1069, HEFFRON v. DISTRICT COURT OF OKLAHOMA COUNTY
Discussed
 1996 OK 125, 932 P.2d 1100, 67 OBJ 3566, Neil Acquisition, L.L.C. v. Wingrod Investment Corp.
Discussed
 1977 OK 208, 571 P.2d 444, FIRST STATE BANK, ETC. v. UNITED DOLLAR STORES
Discussed
 1911 OK 85, 115 P. 468, 28 Okla. 579, CREEK LAND & IMPROVEMENT CO. v. DAVIS
Discussed
Title 25. Definitions and General Provisions
 Cite
Name
Level

 25 O.S. 10, Types of Notice
Cited
 25 O.S. 11, Actual Notice Consists In
Cited
 25 O.S. 12, Constructive Notice Defined
Cited
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 50, Repealed
Cited
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 50, Employer Required to Provide Prompt Medical Treatment - Medical Examination of Employee - Employee Travel Reimbursement - Fee Schedule - Formulary
Discussed
 85A O.S. 78, Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Cited